UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:13-CV-275-H

GARY B. ROBINSON, SR.                                                               PLAINTIFF

v.

VOITH INDUSTRIAL SERVICES, INC.                                                DEFENDANT
.

**MEMORANDUM OPINION AND ORDER**

This is a discrimination case brought by Plaintiff, Gary B. Robinson, Sr., against his employer and Defendant, Voith Industrial Services, Inc. ("Voith"). Plaintiff alleges claims for racial discrimination under the Fourteenth Amendment of the United States Constitution and Title VII of the Civil Rights Act of 1964. Voith has moved to dismiss both claims on the grounds that (1) Voith is not subject to suit under the Fourteenth Amendment and (2) Robinson failed to follow the administrative requirements of filing his claim first with the Equal Employment Opportunity Commission ("EEOC"). Both arguments are fairly straightforward and well taken.

The Fourteenth Amendment protects citizens from discrimination by a "state actor." *Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 459 F.3d 676, 691 (6th Circ. 2006). Voith is a privately-held corporation with no government affiliation. Therefore, it does not qualify as a state actor for purposes of Fourteenth Amendment claims. Consequently, Plaintiff's Fourteenth Amendment Claim must be dismissed.

Before bringing a Title VII claim in federal court, a litigant must raise the claim in a discrimination charge filed with the EEOC. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d

724, 731 (6th Cir. 2006). Plaintiff has neither asserted that he filed any charge with the EEOC or the Michigan Department of Civil Rights nor has he put forth any evidence of such a charge. Plaintiff has said that he filed claims with the National Labor Relations Board. However, whatever the claims filed with the NLRB, those do not qualify as administrative prerequisite to filing a Title VII claim in federal court. Because Plaintiff has not shown that he has complied with the administrative requirements for his Title VII action, it must also be dismissed.

The Court is well aware that *pro se* litigants should be given some leeway in their pleadings. However, the requirement of asserting claims against a proper defendant under the United States Constitution and for following required administrative prerequisites under Title VII are not merely pleading irregularities. They are statutory requirements. The Court has given Plaintiff an opportunity to respond to the deficiencies and he has been unable to do so. Moreover, it does appear that the real substance of Plaintiff's claims are those which he is properly pursuing before the NLRB.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:   Gary B. Robinson, Sr., *Pro Se*
      Counsel of Record